[Cite as *Thomas v. Bauschlinger*, 2011-Ohio-4940.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| DAVID THOMAS | | C.A. No.      25868 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JIM BAUSCHLINGER, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE No.     CV 2010-09-6144 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

WHITMORE, Judge.

{¶1}    Plaintiff-Appellant, David Thomas, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellees, the City of Barberton and its Building Commissioner, Thomas Bauschlinger (collectively "Barberton"). This Court reverses.

I

{¶2}    In August 2008, Barberton demolished a structure located at 1277 ½ Prospect Street. Thomas purchased the 1277 Prospect Street property in late October 2008 from the previous owner, RBS Citizens Bank. The fall of the following year, Barberton passed an ordinance certifying the costs of the demolition to the county auditor. In 2010, Thomas was assessed the costs of the demolition that took place on the property prior to his purchase.

{¶3}   On September 9, 2010, Thomas filed suit against Barberton, seeking to recover the $2,626 assessment he paid for the demolition.[1]   Barberton filed a motion for summary judgment on February 9, 2011, and Thomas filed a memorandum in opposition shortly thereafter. On March 3, 2011, the trial court granted summary judgment in favor of Barberton.

{¶4}   Thomas now appeals from the trial court's judgment and raises six assignments of error for our review.  For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT ERRORED (sic) IN FINDING THAT THE UNDERLYING FACTS IN THIS CASE WERE UNDISPUTED."

Assignment of Error Number Two

"TRIAL COURT ERRORED IN FINDING THAT DEFENDANTS HAD PROVIDED EVIDENCE DEMONSTRATED THAT ACTIONS OF DEFENDANTS WERE WITHIN STATUTWS."  (Sic.)

Assignment of Error Number Three

"TRIAL COURT ERRORED (sic) IN FINDING THAT REASONABLE MINDS COULD ONLY CONCLUDE THAT DEFENDANTS WERE ENTITLED TO JUDGEMENT (sic) AS A MATTER OF LAW."

Assignment of Error Number Four

"TRIAL COURT ERRORED (sic) IN FINDING THAT THERE WERE NO QUESTIONS OF FACT TO BE RESOLVED[.]"

---

[1] Although Thomas concedes that he paid the assessment at issue, R.C. 2723.01 permits an aggrieved party to bring an action to recover unlawfully collected assessments, provided that the party brings the action within one year of the assessment's collection.

Assignment of Error Number Five

"TRIAL COURT ERRORED (sic) IN NOT RULEING (sic) IF DEFENDANTS WERE ENTITLED TO JUDGEMENT (sic) AS A MATTER OF LAW."

Assignment of Error Number Six

"THE TRIAL COURT ERRORED (sic) IN GRANTING SUMMARY JUDGEMENT (sic)."

**{¶5}** In all of his assignments of error, Thomas argues the trial court erred by granting summary judgment in favor of Barberton. We agree.

**{¶6}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

**{¶7}** Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or

submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶8} Barberton moved for summary judgment on the basis of an ordinance that it passed on September 14, 2009 and two sections of the Revised Code; namely, R.C. 715.26 and R.C. 715.261. R.C. 715.26(B) gives a municipal corporation the authority to remove any "insecure, unsafe, or structurally defective" structures. The municipal corporation then may collect the costs incurred in demolishing a structure, pursuant to R.C. 715.261. R.C. 715.26(B). One method for doing so is to certify the demolition costs to the county auditor, pursuant to R.C. 715.261(B)(1). That statute provides as follows:

> "The clerk of the legislative authority of the municipal corporation *** may certify the total costs, together with a proper description of the lands, to the county auditor who shall place the costs upon the tax list and duplicate. The costs are a lien upon such lands from and after the date the costs were incurred. The costs shall be collected as other taxes and returned to the municipal corporation ***, as directed by the clerk of the legislative authority in the certification of the total costs or in an affidavit from the agent delivered to the county auditor or county treasurer. The placement of the costs on the tax list and duplicate relates back to, and is effective in priority, as of the date the costs were incurred, *provided that the municipal corporation *** certifies the total costs within one year from the date the costs were incurred.*" (Emphasis added.) R.C. 715.261(B)(1).

Alternatively, a municipal corporation may collect demolition costs by commencing a civil action against the owner of the property. R.C. 715.261(B)(2). Barberton opted to collect its demolition costs here by way of certification to the county auditor.

{¶9} There is no dispute that Barberton demolished the structure on the property at issue in August 2008, more than one year before it certified the costs to the auditor. Barberton's Ordinance No. 139-2009, which certified the demolition costs at issue, specifically provides that it pertains to demolitions that took place "from September 2008 through August 2009[.]" Accordingly, Ordinance No. 139-2009 does not encompass the demolition that Barberton

performed at the Prospect Street address in August 2008. The assessment itself was improper because Barberton did not certify the total costs of the demolition "within one year from the date the costs were incurred." R.C. 715.261(B)(1).

{¶10} The record reflects that Barberton moved for summary judgment solely on the basis that it properly certified the costs of the demolition on Prospect Street to the county auditor. Barberton's own exhibits, however, do not support that conclusion. Because the assessment was improper, Barberton failed to demonstrate that it was entitled to judgment as a matter of law on that basis. See *Dresher*, 75 Ohio St.3d at 292-93. As such, Thomas' argument that the trial court erred by entering summary judgment in favor of Barberton has merit. His assignments of error are sustained on that basis.

III

{¶11} Thomas' assignments of error are sustained for the reasons set forth above. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

DAVID C. THOMAS, pro se, Appellant.

JAMES A. MERLITTI, Attorney at Law, for Appellee.